UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Civil Case No: 08-cv-13126

vs.                                            Honorable John Corbett O'Meara
                                                Magistrate Judge Donald A. Scheer

NINE THOUSAND FOUR HUNDRED
NINETY-FOUR DOLLARS IN U.S.
CURRENCY ($9,494.00) AND THREE
MONEY GRAM MONEY ORDERS
TOTALING ONE THOUSAND TWO
HUNDRED NINETY DOLLARS IN
U.S. CURRENCY ($1,290.00),

        Defendants *In Rem.*
_____/

## STIPULATED CONSENT
## JUDGMENT AND FINAL ORDER OF FORFEITURE

NOW COMES the Plaintiff, the UNITED STATES OF AMERICA (hereinafter the "United States" or the "government"), by and through its counsel, TERRENCE BERG, Acting United States Attorney, and JOSEPH L. FALVEY, JR., Assistant United States Attorney, and Claimant, WILLIAM ALBERT HEARN, aka WILLIAM LEE HEARN, aka WILLIAM HEARN [hereinafter Claimant HEARN], and by and through his attorney, RANDALL P. UPSHAW, who enter in to this Stipulation for Entry of a Consent Judgment and Final Order of Forfeiture as evidenced by their signatures below, under the terms and conditions hereinafter set forth:

WHEREAS, on or about March 3, 2008, $9,494.00 in U.S. Currency (the defendant $9,494.00) and Three Money Gram Money Orders Totaling $1,290.00 in U.S. Currency (the defendant $1,290.00) were seized by agents of the Drug Enforcement Administration (DEA), as well as other participating law enforcement officers, at a residential property located at 851 Lincoln Lane, Apartment 1211, Dearborn, Michigan;

WHEREAS, an administrative claim contesting the forfeiture of the defendant $9,494.00 and the defendant $1,290.00 was filed with the DEA, by Claimant HEARN and, thereafter, the matter was referred by the DEA to the United States Attorney's Office for judicial forfeiture;

WHEREAS, a Complaint for Forfeiture in this matter was filed on or about July 21, 2008, by the United States alleging that the defendant $9,494.00 and the defendant $1,290.00 are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6);

WHEREAS, notice by publication has been completed in this case;

WHEREAS, the parties have agreed that this document shall represent Claimant HEARN's claim and answer in response to Plaintiff's Complaint for Forfeiture in this matter;

WHEREAS, no other verified claims of interest have been filed by any party with the United States District Court under the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions and the time for filing such pleadings has expired;

WHEREAS, the parties have reached a settlement which is embodied in this Stipulation for Entry of Consent Judgment and Final Order of Forfeiture, and which is intended to resolve all claims and issues between the parties and conclude this litigation; and

NOW, THEREFORE, the parties hereby stipulate and agree as follows:

1. This is an *in rem* civil forfeiture action brought pursuant to 21 U.S.C. § 881(a)(6).

2. The Court has jurisdiction and venue over this matter pursuant to 28 U.S.C. §§ 1345, 1355, 1391 and 1395.

3. The allegations of the Complaint for Forfeiture are well taken, the United States and its agents had reasonable cause for the seizure of the defendant $9,494.00 and the defendant $1,290.00 as provided in 28 U.S.C. § 2465, the position of the United States and its agents and employees in this action is and has been substantially justified as set forth in 28 U.S.C. § 2412, and Claimant HEARN shall not claim or seek attorney fees from the UNITED STATES under the Civil Asset Forfeiture Reform Act, the Equal Access to Justice Act, or any other act, statute or regulation;

4. This Stipulated Consent Judgment is deemed to be the claim and answer to Plaintiff's Complaint For Forfeiture filed in this matter by Claimant HEARN.

5. Seven Thousand One Hundred Twenty Dollars and Fifty Cents ($7,120.50) of the defendant $9,494.00 plus any interest accrued on the defendant $9,494.00 since the date of seizure shall be **FORFEITED** to the United States pursuant to 21 U.S.C. § 881(a)(6). Further, any right, title or interest of Claimant HEARN, his respective successors and assigns, and any right, title and ownership interest of all other persons in $7,120.50 of the defendant $9,494.00 plus any interest accrued on the defendant $9,494.00 since the date of seizure is hereby and forever, **EXTINGUISHED** and that clear title to $7,120.50 of the defendant $9,494.00 plus any interest accrued on the defendant $9,494.00 since the date of seizure thereon shall hereby be **VESTED** in the United States, and the United States Marshal, or his delegates, is **AUTHORIZED** to dispose of $7,120.50 of the defendant $9,494.00 plus any interest accrued on

the defendant $9,494.00 since the date of seizure according to law.

6. The remaining Two Thousand Three Hundred Seventy-Three Dollars and Fifty Cents ($2,373.50) of the defendant $9,494.00 shall **NOT BE FORFEITED**, but shall be **RETURNED** to Claimant HEARN.

7. The defendant $1,290.00 (Three Money Gram Money Orders Totaling $1,290.00 in U.S. Currency) shall **NOT BE FORFEITED**, but shall be **RETURNED** to Claimant HEARN.

8. Claimant HEARN agrees to release, remise and forever discharge the plaintiff, United States, and its agents, officers, employees, past and present, and all other persons, including but not limited to the DEA, any individual local law enforcement officers or departments or agencies, and any other persons who participated in or assisted in any aspect of this forfeiture action and underlying investigation, from any and all claims or causes of action which claimants, and their respective agents, officers, employees, past and present, and which claimants and their respective assigns, agents, officers employees and successors in interest hereafter can, shall or may have for, or on account of the incidents or circumstances giving rise to the above-captioned action.

9. Claimant HEARN has discussed this settlement with his counsel and is aware of his respective rights in this matter, and fully understand its terms and conditions and the consequences of entering into it. The parties agree that each party shall bear its own costs and attorneys fees in this matter.

10. Upon entry of this Consent Judgment and Final Order of Forfeiture, or as soon thereafter as practicable, the United States Marshals Service for the Eastern District of Michigan

or its delegate shall disburse a check made payable to WILLIAM HEARN and RANDALL P. UPSHAW, his attorney, in the amount of the $2,373.50. Said check shall be mailed to Randall P. Upshaw, Esq., 17373 W. Twelve Mile Road, Lathrup Village, Michigan 48076.

11. Upon entry of this Consent Judgment and Final Order of Forfeiture, or as soon thereafter as practicable, the United States Marshals Service for the Eastern District of Michigan or its delegate shall return defendant $1,290.00 (Three Money Gram Money Orders Totaling $1,290.00 in U.S. Currency) to WILLIAM HEARN. Said money orders shall be mailed to Randall P. Upshaw, Esq., 17373 W. Twelve Mile Road, Lathrup Village, Michigan 48076.

12. Upon entry of this accompanying Consent Judgment and Final Order of Forfeiture, and payment of the sums specified herein, this case shall be **DISMISSED WITH PREJUDICE** and closed.

SO ORDERED.

Date: September 05, 2008            s/John Corbett O'Meara
                                                       United States District Judge

**WHEREFORE**, the parties stipulate to entry of this Stipulation for Entry of Consent Judgment and Final Order of Forfeiture.

| | |
|---|---|
| s/ Joseph L. Falvey, Jr. | s/ with consent of Randall P. Upshaw |
| JOSEPH L. FALVEY, JR. (P-51171) | RANDALL P. UPSHAW (P-43574) |
| Assistant U.S. Attorney | Attorney for Claimant William Albert Hearn |
| 211 W. Fort Street, Suite 2001 | 17373 W. Twelve Mile Road |
| Detroit, Michigan 48226 | Lathrup Village, Michigan 48076 |
| (313) 226-9610 | (248) 569-7776 |
| | |
| Dated: August 28, 2008 | Dated: August 28, 2008 |

<u>s/ with consent of William Hearn</u>
WILLIAM ALBERT HEARN, aka
WILLIAM LEE HEARN, aka
WILLIAM HEARN
Claimant

Dated: August 28, 2008